141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodrigo MOLINA; Leonor Molina; Juliana Itzel Molina, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70900.
I & NS Nos. Afr-rxa-wbb, Aip-lun-ruy, Arg-xyt-hzx.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 5, 1998**
Decided March 23, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before BRUNETTI, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rodrigo Molina ("Molina"), his wife Leonor Molina, and his daughter Juliana Itzel Molina petition for review of the July 30, 1996, decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the immigration judge's decision that found them deportable, denied Molina's application for suspension of deportation, and granted them voluntary departure. We have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition.
 
 A. Deportability Finding
 
 3
 Both parties agree that, whenever Molina's application for asylum was filed, it was still pending on January 4, 1995. Under the applicable immigration regulations at the time, the IJ and BIA were authorized to use information contained in the application as evidence of deportability. 8 C.F.R. § 208.3(c)(2). This regulation applied to Molina's case. 8 C.F.R. § 208.1(a). The 1997 amendments to these regulations do not alter this analysis or affect our conclusion that it was not error to consider information included on the asylum application in evaluating the petitioners' deportability.
 
 B. Extreme Hardship
 
 4
 Having reviewed the BIA's decision, we are convinced that the BIA adequately considered the economic hardship Molina and his family would suffer if he were returned to Mexico. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). Further, the BIA adequately considered and rejected Molina's arguments concerning the economic and personal hardship that would flow from Molina's potential economic detriment. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Finally, the BIA adequately weighed and considered Molina's arguments regarding his integration into the American culture and community.
 
 
 5
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3